PER CURIAM.
Clark Randal Grable appeals an order denying him relief from a final order of summary judgment. This is a non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).
The complaint sought to establish the existence of an eight-foot easement across the back of appellees’ lots for the benefit of Grable’s lots. Initially, the trial court granted final summary judgment in favor of appellees, finding that any easement had been extinguished by the doctrine of merger. This summary judgment was per curiam affirmed on appeal. See Clark Randal Grable Trust v. Peters, 816 So.2d 638 (Fla. 4th DCA 2002). Subsequently, Grable timely moved for relief from final judgment based on newly discovered evidence that, in a prior contract for sale, there was an express reservation of an eight-foot alley easement over several of the lots in question.[1] Based on this new evidence, we believe there is a genuine issue as to whether there exists an “easement” or “right-of-way” for an alley as alleged in the complaint. Accordingly, we reverse the summary judgment order and remand for further proceedings.
REVERSED and REMANDED.
STEVENSON, SHAHOOD and TAYLOR, JJ., concur.

. Grable received this contract through late-filed discovery while the appeal was pending. Based on this evidence, Grable moved this court to relinquish jurisdiction so that the trial court could reconsider the summary judgment order. The motion to relinquish was denied and the appeal proceeded.